David Aronoff (SBN 125694)
daronoff@lathropgage.com
Amber Henry (SBN 247624)
ahenry@lathropgage.com
LATHROP & GAGE LLP
1888 Century Park East, Suite 1000
Los Angeles, CA 90067
Telephone: 310-789-4600
Facsimile: 310-789-4601

Attorneys for Defendants
GENERAL ELECTRIC COMPANY;
NBCUNIVERSAL MEDIA, LLC
(formerly known as NBC Universal, Inc.); and iVILLAGE LLC (formerly known as iVILLAGE, INC.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONE! VENTURES, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL ELECTRIC COMPANY, a New York Corporation; NBC UNIVERSAL, INC., a Delaware Corporation; and IVILLAGE, INC., a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CV10-04420-SJO(JCx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[CHANGES MADE TO PARAGRAPHS 9 AND 13]**<br><br>[DISCOVERY MATTER]<br><br>Magistrate Judge Jacqueline Chooljian |

WHEREAS, plaintiff DONE! Ventures, LLC and defendants General Electric Company ("GE"), NBCUniversal Media, LLC (formerly known as NBC Universal, Inc.) ("NBCUniversal"), and iVillage LLC (formerly known as iVillage, Inc.) ("iVillage") (collectively the "parties") believe that good cause exists for entry of this Stipulated Protective Order (the "Protective Order"); and

WHEREAS, because the present action (the "Civil Action") involves highly confidential non-public business plans and sales information concerning website domain names that were recently and may again soon be on the market for sale, and will likely require the production of documents and information considered by the parties, and third party witnesses, to be trade secrets, or other confidential, proprietary or sensitive information, the public disclosure of which could be competitively harmful or impinging on any persons' personal privacy rights; and

WHEREAS, an agreement regarding limitations on the disclosure and use of such confidential documents and information is desirable for the orderly conduct of discovery in the Civil Action, while at the same time providing protection from the misuse of confidential documents and information;

WHEREAS, the parties have, through counsel, stipulated to entry of this Protective Order pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of CONFIDENTIAL INFORMATION and ATTORNEYS EYES ONLY INFORMATION, and wish to comply with Local Rule 79-5, which governs the procedure for filing documents under seal;

IT IS HEREBY STIPULATED by and between the parties, by and through their respective counsel of record, that the Court enter an Order to protect confidential materials and information produced and/or filed by the parties, or any third-party witness or other entities, including, but not limited to, records, information, documents, and/or computer files, during the course of the Civil Action as follows:

1. <u>PROTECTED INFORMATION</u>.

   a. "CONFIDENTIAL INFORMATION" shall mean information and tangible things that the designating person or entity reasonably and in good faith believes contain: (a) non-public proprietary information of one of the parties, their affiliates, or any third party; (b) non-public financial information (including without limitation contracts, statements, spreadsheets, budgets, books, ledgers, and accountings); (c) non-public information concerning the ownership or control of the parties or any third party; (d) non-public business plans, projections and information; (e) non-public information of a personal or intimate nature regarding any individual; (f) trade secrets as that term is defined in the California Civil Code Section 3426.1; (g) any confidential business information that could, if disclosed to the public, cause harm to any of the parties', or a third party's, competitive position; and (h) any other category of non-public information that is recognized to have confidential status by mutual agreement of the parties and/or by order of this Court.

   b. "ATTORNEYS EYES ONLY INFORMATION" must meet the criteria of CONFIDENTIAL INFORMATION and additionally must consist of: (a) closely guarded, proprietary and confidential information of such a nature that it would be highly prejudicial and detrimental to the designating person or entity, or would violate an agreement of confidentiality, if the information was available to one or more of the parties to this lawsuit or to any of their officers, directors or employees; or (b) any other category of non-public information that is recognized to have attorneys eyes only confidential status by mutual agreement of the parties and/or by order of this Court.

   c. CONFIDENTIAL INFORMATION and ATTORNEYS EYES ONLY INFORMATION may be contained in (a) discovery information or other materials produced or obtained in this action by or through any means; (b) documents of every kind or description; (c) taped, electronically stored, videotaped, recorded, filmed or computer records of every kind or description; (d) responses to written discovery requests, including responses to interrogatories and requests for admissions;

(e) physical objects, samples or other tangible items; (f) oral testimony at depositions, in Court, or otherwise; and (g) copies, notes, summaries or other records of the foregoing, including legal briefs and pleadings. All summaries, reviews, copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or otherwise disclose such CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION shall also be deemed to contain CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION, as applicable.

2. USE SOLELY FOR THIS LITIGATION. All CONFIDENTIAL INFORMATION and ATTORNEYS EYES ONLY INFORMATION shall be used for purposes of the Civil Action only and shall not be disclosed except in accordance with the provisions of this Order.

3. DESIGNATION OF CONFIDENTIAL DOCUMENTS AND INFORMATION. The parties and third parties that avail themselves of this Order in accordance with Paragraph 11, infra, may designate material containing CONFIDENTIAL INFORMATION and ATTORNEYS EYES ONLY INFORMATION in the following manner:

a. Documents and information produced in discovery that contain CONFIDENTIAL INFORMATION shall be designated as such by stamping the word "CONFIDENTIAL" on the margin of each page of such documents, or using another reasonable method agreed to in writing by the parties. Documents and information produced in discovery that contain ATTORNEYS EYES ONLY INFORMATION shall be designated by stamping the words "ATTORNEYS EYES ONLY" on the margin of each page of such documents, or using another reasonable method agreed to in writing by the parties. Such labels will be reasonably placed so it is obvious upon sight, but no marks on the documents may sever or obscure any of the actual materials being produced.

b. The parties, or a third party, may designate the deposition testimony and exhibits (or portions thereof) of any witness in this litigation as "CONFIDENTIAL" or

"ATTORNEYS EYES ONLY" on the record at the time of the deposition by advising the reporter and all parties of such fact during the deposition. If any portion of a videotaped deposition is designated pursuant to this Paragraph, the videocassette, videotape, CD, or DVD container shall be labeled with the appropriate legend. In addition, within fifteen (15) days of receipt of a transcript, the deponent, his/her counsel, or any other party may designate or re-designate all or portions of the transcript "CONFIDENTIAL" or "ATTORNEYS EYES ONLY." The deponent, his/her counsel or any other party shall list on a separate piece of paper the numbers of the pages and lines of the deposition transcript containing "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" information and serve the same on opposing counsel. Pending such designation, the entire deposition transcript, including exhibits, shall be deemed "ATTORNEYS EYES ONLY" information. If no designation is made within fifteen (15) days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" information.

  c. CONFIDENTIAL INFORMATION and ATTORNEYS EYES ONLY INFORMATION contained in any affidavit, brief, memorandum or other paper filed with the Court in this action may be designated as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION by indicating on the face of such documents that one or more parties or third parties that avail themselves of this Order consider them to contain CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION, as applicable.

  d. Such designated information shall thereafter be subject to this Order, and use or disclosure of such information so designated shall be restricted as set forth herein.

  4. <u>DISCLOSURE OF DESIGNATED MATERIAL</u>. Material designated CONFIDENTIAL INFORMATION (but not information designated as ATTORNEYS EYES ONLY INFORMATION) and any summary, description or report containing

such information designated as CONFIDENTIAL INFORMATION, may be disclosed only to the following persons, without leave of this Court:

    a.    the Court, persons employed by the Court, and stenographers/videographers transcribing/recording the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

    b.    independent consultants and experts who are not current employees of any party in this matter and who have been retained by counsel to provide assistance in this action, with disclosure only to the extent necessary to perform such work;

    c.    witnesses and deponents in this action who are shown the CONFIDENTIAL INFORMATION while testifying or in preparation for testifying;

    d.    graphics or design services personnel retained by counsel for purposes of preparing demonstrative or other exhibits for depositions, trials, or other court pleadings in this action;

    e.    non-technical jury or trial consulting services retained by counsel;

    f.    document imaging and database services personnel retained by counsel, and consultants retained by counsel to set up, maintain and/or operate computer systems or, litigation databases, or to convert data for inclusion in such databases;

    g.    the parties' outside counsel of record in this action and any other counsel for a party that appears in this action, and photocopy services personnel retained by counsel, their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action.

    h.    individuals selected by the parties to function as mediators or arbitrators;

    i.    in-house counsel for the parties;

    j.    a party, including in the case of corporate parties, their directors and officers, and employees designated to assist counsel in this action; and

    k.    authors or recipients of the CONFIDENTIAL INFORMATION.

Materials designated as ATTORNEYS EYES ONLY INFORMATION, and any summary, description or report containing such information designated as

ATTORNEYS EYES ONLY INFORMATION, may be only be revealed or disclosed, in whole or in part, directly or indirectly, to individuals described in subparagraphs 4(a) through (h) and (k). Material designated as ATTORNEYS EYES ONLY INFORMATION may not be revealed or disclosed, in whole or in part, directly or indirectly, to individuals described in subparagraphs 4(i) and (j).

5. <u>NON-DISCLOSURE AGREEMENT</u>. No CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraphs 4(b) or (e) until that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached hereto as Exhibit A. The original of each undertaking shall be retained until the conclusion of this action, including all appeals, by counsel for each party who intends to or does disclose to such individual any CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION.

6. <u>CHALLENGE TO DESIGNATION</u>. If a party disagrees with the designation of any information as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION, such party shall first make its objection known to the producing party in writing, explaining how the designation is improper, and request a change of designation. If the parties are unable to resolve their differences, then the parties shall be governed by Local Rules 37-1 and 37-2 in filing a motion that the document(s) require protection. The burden of proving that information has been properly designated as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION is on the party making such designation. All documents initially designated as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION shall continue to be subject to this Order unless and until the court rules otherwise. Any failure by the non-designating party to object to any material being designated as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION shall not be

construed as an admission by any non-designating party that the material constitutes or contains CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION.

7. <u>DEPOSITIONS</u>. A party may exclude from a deposition any person who is not entitled to have access to CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION when such information is the subject of examination.

8. <u>TREATMENT OF CONFIDENTIAL MATERIAL</u>.

a. Any person in possession of CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION shall exercise due care with regard to the storage, custody or use of such CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION to ensure that the confidential nature of the same is maintained in conformity with this Order.

b. Any person receiving CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION shall not disclose such information to any person who is not entitled to receive such information under this Order. If CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure will inform counsel for the producing party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure of it by the person who received such information.

c. Nothing contained in this Order shall prevent a producing party from using its own CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION in any way it chooses.

9. <u>FILING OF CONFIDENTIAL MATERIAL</u>. Any motion, pleading or other document that is filed with the Court containing CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION shall only be submitted for filing under seal pursuant to a further order of the Court pursuant to

Local Rule 79-5. The parties agree that they will comply with the provisions of Local Rule 79-5 in all regards with respect to the filing and lodging of CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION with the Court.

10. <u>INADVERTENT DISCLOSURE</u>. The inadvertent production of any CONFIDENTIAL INFORMATION, ATTORNEYS EYES ONLY INFORMATION, or otherwise protected or exempted information, as well as the inadvertent production of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the producing party shall promptly provide notice to the receiving party in writing when inadvertent production is discovered. Upon receiving written notice from the producing party that CONFIDENTIAL INFORMATION, ATTORNEYS EYES ONLY INFORMATION, privileged information or work-product material has been inadvertently produced, documents containing such information shall be returned to counsel for the producing party and the receiving party shall not use such information for any purpose except application to the Court. In response to an application to the Court by the receiving party to compel production of such documents and/or information, the producing party may submit the documents or testimony at issue to the Court for *in camera* inspection.

11. <u>THIRD PARTIES</u>. Third parties who produce information in this action may avail themselves of the provisions of this Order and materials produced by any such third parties shall be treated in conformance with this Order.

12. <u>RESPONSE TO THIRD PARTY SUBPOENA</u>. In the event that any party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as CONFIDENTIAL INFORMATION or ATTORNEYS

EYES ONLY INFORMATION by another party or third party that avails themselves of this Order, the party subpoenaed or served in accordance with this paragraph shall object to production of the CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION and shall give prompt written notice to the producing party.  If the person seeking access to the CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION takes action against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order.  Nothing in this Order shall be construed as precluding production of CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION covered by this Order in response to a lawful court order.

13. <u>USE OF DESIGNATED MATERIALS AS EVIDENCE AND AT TRIAL</u>.  This Order shall not in any way afford to any party any objection to the offering or admission of CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION into evidence or used otherwise by order of the Court.  The parties agree to engage in good faith negotiations concerning the appropriate procedures to protect CONFIDENTIAL INFORMATION and ATTORNEYS EYES ONLY INFORMATION at trial, as the need arises.  For purposes of all pretrial proceedings in the Civil Action, CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION materials under this Order may only be submitted for filing under seal in accordance with Paragraph 9, <u>supra</u>.

14. <u>EFFECTIVE UPON EXECUTION</u>.  The parties agree that this Order shall be binding as an agreement between the parties upon execution by the parties before entry by the Court.  The parties further agree that if for any reason this Order is not accepted by the Court, they will promptly execute and submit a revised Order that addresses the Court's concerns.

15. <u>CONCLUSION OF ACTION</u>. Within sixty (60) days after the conclusion of this action, including appeal, after entry of a final order in this action, or

9
[PROPOSED] STIPULATED PROTECTIVE ORDER

after the parties have executed a settlement agreement in this action, all CONFIDENTIAL INFORMATION and ATTORNEYS EYES ONLY INFORMATION shall be destroyed by all receiving parties or shall be returned to the producing party, at the receiving party's election. Notwithstanding the foregoing, counsel of record for each party may maintain in its files one copy of each document filed with the Court containing CONFIDENTIAL INFORMATION and/or ATTORNEYS EYES ONLY INFORMATION, and a copy of all depositions (and exhibits) and written discovery responses, and any notes or memoranda relating thereto, as well as all work product. All such material shall remain subject to the terms of this Order. This Order shall remain in full force and effect until modified, superseded, or terminated by agreement of the parties or by an order of the Court.

16. <u>COURT TO RETAIN JURISDICTION</u>. This Order shall survive the final disposition of this Civil Action, and the Court shall retain continuing jurisdiction to resolve any dispute arising under this Order.

IT IS SO ORDERED.

DATED: May 25, 2011        By: _____/s/_____
                                Hon. Jacqueline Chooljian
                                United States Magistrate Judge

# EXHIBIT A

**UNDERTAKING TO BE BOUND BY THE PRETRIAL PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *Done! Ventures, LLC v. General Electric Company et al.* – Case No. CV10-04420-SJO (JCx). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____, 2011

City and State where sworn and signed: _____

Signed: _____    _____
         [Print Name]              [Signature]